**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-50100-001-TUC-JGZ (BGM) |
| Plaintiff, | **ORDER** |
| v. | |
| Clarence James John Thede, | |
| Defendant, | |
| JBS Tolleson, Inc. | |
| Garnishee. | |

Defendant is subject to a Judgment entered in 2013 requiring him, among other things, to pay $26,030.00 in restitution and other fees. (Doc. 1; *see also* Doc. 8, p. 1.) The balance due on the Judgment as of April 1, 2020, is $23,641.18. (Doc. 8, p. 1) On March 11, 2020, the United States filed an application for Writ of Garnishment pursuant to 28 U.S.C. § 3205, and the Clerk of Court issued the Writ of Garnishment on March 13, 2020.[1] (Docs. 3, 4.) On March 18, 2020, the United States filed a Notice of Service indicating that Defendant was served by mail with a copy of the Writ of Garnishment and the Clerk's Notice to Judgment Debtor and instructions. (Doc. 5.) Now, pending before the Court is Defendant's March 30, 2020 letter seeking to "appeal the garnishment process" in order to prevent garnishment of his paychecks. (Doc. 6.) The government has filed a

---

[1] The garnishee has not yet answered the Writ. Pursuant to 28 U.S.C. § 3205(c)(5), if Defendant has objections to the garnishee's answer, Defendant may file written objections and request a hearing within 20 days of his receipt of the answer.

response. (Doc. 8.) For the following reasons, the Court will deny the appeal.

The Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. §§ 3001-3308, governs the use of writs of garnishment to recover a judgment on a debt. The FDCPA allows a judgment debtor to request a hearing to quash a garnishment within 20 days after receiving the Clerk's Notice of Post Judgment Garnishment. *See* 28 U.S.C. § 3202(d). "The issues at such hearing shall be limited . . . (1) to the probable validity of any claim of exemption by [Defendant]; (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted;" and other matters pertaining to default judgment not at issue here. *Id.* "[C]ourts have denied a hearing where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." *United States v. Bruneau,* No. CR-09-8098-1-PCT-FJM, 2013 WL 6409518, at *3 (D. Ariz. Oct. 23, 2013) (citations omitted), *report and recommendation adopted as modified on other grounds*, No. CR-09-08098-PHX-FJM, 2013 WL 6409486 (D. Ariz. Dec. 9, 2013).

Defendant fails to provide a sufficient basis for quashing the writ of garnishment or for a hearing under § 3202(d). Defendant does not claim an exemption nor dispute the United States' compliance with statutory procedures, as required by the FDCPA. Instead, Defendant seeks relief from garnishment based on financial hardship. Defendant states that he had a payment agreement of $150 per month. (Doc. 6.) Defendant admits that he failed to make payments, stating that that he forgot how to make the payments and could not locate information on how to do so. (*Id.*) Defendant states that garnishment of 25% of his income, as sought by the government, will severely "impact [his] family's financial stability." (*Id.*) In place of garnishment, Defendant requests a new payment agreement, offering to pay $300 per month. (*Id.*) Financial hardship, in and of itself, does not warrant relief because it is not a permissible defense to garnishment specified in § 3202(d). *See e.g., United States v. Canfield*, No. CR-01-00256-001-PHX-NVW (JZB), 2014 WL 6065769, at *4 (D. Ariz. Nov. 13, 2014) (denying request for hearing based on financial

hardship because § 3202(d) does not encompass financial hardship) (citations omitted); *United States v. Bullock*, No. 3:03CR218, 2011 WL 486233, at *2 (W.D.N.C. Feb. 7, 2011) ("What defendants may not contest [under § 3202(d)] is their claimed inability to afford the amount of garnishment.") (citations omitted); *United States v. Lawrence*, 538 F.Supp.2d 1188, 1194 (D.S.D.2008) ("consideration of Defendant's financial situation and/or the equities of the case are not subject to or within the purview of a garnishment hearing.")[2]  Accordingly,

IT IS ORDERED that Defendant's appeal (Doc. 6) is DENIED.

Dated this 22nd day of April, 2020.

_____
Honorable Jennifer G. Zipps
United States District Judge

---

[2] The Court notes that the United States has represented that it sent Defendant a financial statement to determine whether a voluntary reduction in the garnishment percentage is warranted. (Doc. 8, p. 2.) Thus, the possibility of a reduction remains if Defendant pursues this avenue of relief.